IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**KENNY L. CAMPBELL**   **MOVANT**

**v.**   **No. 2:06CR179-M-S**

**UNITED STATES OF AMERICA**   **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* motion of Kenny L. Campbell to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. As discussed below, the instant motion was untimely filed and shall thus be dismissed.

**Facts and Procedural Posture**

Kenny Campbell was charged in a one count indictment with possession of a firearm by a convicted felon. On the morning of trial, he informed the government that instead of proceeding to trial on the gun charge, he would agree to waive indictment and plead guilty to an unrelated drug distribution offense. The drug offense, which had not yet been charged, stemmed from a search warrant executed on August 12, 2004 at Campbell's Clarksdale, Mississippi residence. During the search of his home, officers located crack cocaine, razor blades, a set of digital scales and police scanners. Campbell requested that the government dismiss the pending firearm charge and also asked that the government agree not to pursue a witness tampering charge in which Campbell had been implicated, in exchange for Campbell's guilty plea to the drug offense.

The United States agreed to Campbell's request, and a written plea agreement was entered into between the government and Campbell. (See Plea Agreement, attached as Exhibit

"1" to the government's response). The plea agreement, which was signed by both parties, contained a sentencing agreement, wherein Campbell and the United States agreed that his sentence on the drug case would be 36 months imprisonment. The plea agreement also contained a provision, in which the government agreed not to pursue witness tampering charges against Campbell and to dismiss the pending firearm indictment.

The court placed Campbell under oath and conducted a plea colloquy. The court was careful to explain the differences between a bill of information and an indictment returned by a grand jury. Campbell indicated that he understood the differences and was aware that he had a right to be charged by the grand jury. He agreed to waive this right and signed a waiver of indictment. P.T.[1] at 23-24.

Campbell indicated that he fully understood what was happening. He affirmed that defense counsel had ample opportunity to discuss the case with him, that he was satisfied with his attorney's representation of him and that he believed his lawyer had competently represented his best interests in the case. (P.T. at 25). Campbell agreed that his guilty plea was made knowingly, freely, and voluntarily and that no one threatened him or coerced him into pleading guilty. (P.T. 31).

Campbell was specifically questioned about whether he understood the plea agreement called for a sentence of 36 months imprisonment. Campbell acknowledged that he understood. (P.T. at 31). The United States read into the record a factual basis which described the execution of a search warrant at Campbell's home in Clarksdale. Digital scales, a razor blade with cocaine residue, two radio frequency scanners, walkie-talkies, and 3.68 grams of cocaine were found

---

[1]Citations to the plea transcript shall be designated by "P.T."

inside Campbell's residence during the search. In response to the factual basis, the court asked Campbell, "[d]id you do what [the Government] just stated?" Campbell said, "[y]es, sir." (P.T. at 34). Sentencing was held on April 5, 2007. Campbell again appeared with counsel. Although the statute carried a maximum term of imprisonment of 20 years and the United States Sentencing Guidelines called for 46 to 57 months imprisonment, the court accepted the parties' agreed-upon sentence of 36 months. In accepting the capped sentencing agreement, the court highlighted defense counsel's effective performance by explaining to Campbell that "your lawyer has negotiated a good deal for you, and I'm going along with it." (S.T. at 6). The judgment was signed and filed on April 12, 2007. Campbell did not appeal his conviction or sentence. Rather, over one year later Campbell filed the present motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.

### Campbell's Claims

Campbell claims his attorney should have told him he had a viable Fourth Amendment claim surrounding the search of his house and complains that his attorney was ineffective for failing to move to suppress the contents of the search. In making this argument, Campbell initially contends that a search warrant for his home did not exist. This assertion is demonstrably false, and a copy of the search warrant is attached to this response. (See Search Warrant, Attached as Exhibit "2" to the government's response to the instant § 2255 motion).

In the alternative, Campbell argues that if a search warrant did exist, it was not supported by probable cause, and his attorney was ineffective for failing to move to suppress the introduction of drug-related evidence discovered by police in his house. Campbell claims that because his attorney did not advise him of his potential Fourth Amendment claim, his plea was

not knowingly and voluntarily entered.

## One-Year Limitations Period

Section 2255(f) contains four possible dates that may trigger the statute of limitations for seeking to vacate, set aside, or correct a sentence. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Only the the limitations period found in 2255(f)(1) applies under the facts of this case. Under § 2255(f)(1) Campbell's time period to collaterally attack his conviction and sentence began to run on the date on which his judgment of conviction became final.

The court entered judgment against Campbell on April 5, 2007, and the judgment was returned executed on April 12, 2007. Therefore, Campbell's conviction became final on or about April 22, 2007 (April 12, 2007 + 10 days) when the time for a direct appeal expired. FED. R. APP. P. 4(b)(1)(A) (10 days to appeal criminal conviction). Under the mailbox rule, "courts treat the date a pro-se prisoner deposits a federal habeas corpus petition in the prison mail system as the filing date." *Fisher v. Johnson*, 174 F.3d 710 712 n.8 (5th Cir. 1999). Campbell signed his § 2255 motion on April 29, 2008 – seven days after the § 2255 limitations period expired. The

motion was then placed into the mail that date or afterward. The petition was therefore filed at least seven days after Campbell's conviction became final, and Campbell's 2255 petition is untimely filed and barred by the limitations period of 28 U.S.C. § 2255. The court shall dismiss the petition for this reason. As the timeliness issue is dispositive in this case, the court shall not address Campbell's substantive issues. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of March, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
